*Aouatif v. City of New York, et al..*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:     José A. Cabranes,
                      Raymond J. Lohier, Jr.,
                      Steven J. Menashi,
                                  *Circuit Judges.*

_____

ZERRAD AOUATIF,

            *Plaintiff-Appellant,*                                      19-1903

                      v.

CITY OF NEW YORK, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, NABIL KOTBI,

            *Defendants-Appellees,*

BROOKDALE HOSPITAL, KINGS COUNTY HOSPITAL
CENTER, DOES 1-10,

            *Defendants.*

                      .

_____

**FOR PLAINTIFF-APPELLANT:**                    Nkereuwem Umoh, Brooklyn, NY.

1

**FOR DEFENDANTS-APPELLEES:**                    Richard Dearing, Melanie T. West, and
                                                 Zachary S. Shapiro, *for* James E. Johnson,
                                                 Corporation Counsel of the City of New
                                                 York, New York, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Zerrad Aouatif ("Plaintiff") appeals from a judgment of the District Court, entered on June 5, 2019, granting the motion for summary judgment of Defendants-Appellees City of New York, Dr. Nabil Kotbi ("Kotbi"), and New York City Health and Hospitals Corporation (jointly, "Defendants") in this action brought pursuant to 42 U.S.C. § 1983. As relevant to this appeal, Plaintiff alleged that Kotbi violated her rights under the Fourth Amendment to the United States Constitution.[1]

Plaintiff's claim against Kotbi is based on allegations that he caused her involuntary transportation to the hospital for a mental health evaluation. The District Court held that, assuming Kotbi was a state actor and that Plaintiff was involuntarily transferred to the hospital, there was no violation of the Fourth Amendment because Kotbi had probable cause to believe that Plaintiff presented a risk of harm to herself or others. Special Appendix 24 (citing *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016)). The District Court also concluded in the alternative that Kotbi was entitled to qualified immunity. Plaintiff challenges both these holdings on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

"We review *de novo* a district court's grant of summary judgment, "construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party." *Doro v. Sheet Metal Workers' Int'l Ass'n,* 498 F.3d 152, 155 (2d Cir. 2007). We will affirm an order granting summary judgment "only when no genuine

---

[1] Plaintiff brought other claims before the District Court, but she challenges only the dismissal of her Fourth Amendment claim against Kotbi on appeal. Although Plaintiff references her Fourth Amendment claims against the unidentified police officers in her list of "questions presented," she makes no argument to support those claims in her brief. *See* Appellant Br. 2, 6–13. We therefore view these claims as abandoned and decline to consider them on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *Mehta v. Surles*, 905 F.2d 595, 597–98 (2d Cir. 1990).

issue of material fact exists and the movant is entitled to judgment as a matter of law." *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 108 (2d Cir. 2006); *see also* Fed. R. Civ. P. 56(a).

B.

Though we assume *arguendo* that Kotbi acted under color of state law and that Plaintiff was transported to the hospital involuntarily, we need not decide whether Kotbi violated Plaintiff's Fourth Amendment rights because we affirm the District Court's alternative holding that Kotbi was entitled to qualified immunity. The District Court concluded that reasonable officials could disagree as to whether Kotbi had probable cause to believe that—at the time of the Kotbi's June 11 phone call to 911—Plaintiff presented a danger to herself or others. Special Appendix 24–25 (citing *Doninger v. Niehoff*, 642 F.3d 334, 349 (2d Cir. 2011)). For substantially the reasons stated in the District Court's May 31, 2019 order, we affirm.

**CONCLUSION**

We have reviewed all the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court entered on June 5, 2019.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk